**NAIDICH LAW**
Zachary Naidich
137 5th Avenue, 9th Fl.
New York, NY 10010
646.551.5694

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STELIOS MANTALIS<br>Plaintiff<br><br>-against-<br><br>CHAUDRY ALI, RANAH ALI, and PARIS LIMOUSINE SERVICES, CORP.,<br><br>Defendant(s) | : | Dkt. No. 25-cv-4287<br><br>**<u>CLASS & COLLECTIVE ACTION COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiff Stelios Mantalis ("**Plaintiff**"), individually and on behalf of all others similarly situated, as class representative, alleges, upon personal knowledge as to themselves and upon information and belief as to all others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for unpaid minimum wage, overtime, and spread-of-hours pay pursuant to the Fair Labor Standards Act (the "**FLSA**"), 29 U.S.C. § 201 et seq, New York Labor Law (the "**NYLL**") §§ 190-198 and 650 et seq.

2. Defendants own and operate a professional car service out of the city and state of New York. Their drivers, like Plaintiff, are provided with company vehicles used to transport customers to and from various locations per Defendants' instructions and schedules.

3. Defendants, individually and/or jointly, employed Plaintiff as a driver from on or about October 4, 2021, through on or about November 28, 2022. Plaintiff was compensated at a rate below the prevailing minimum wage and did not receive any overtime or spread-of-hours pay, in violation of state and federal labor laws.

4. Plaintiff seeks an award of compensatory and liquidated damages, plus pre- and post-judgment interest and reasonable attorneys' costs and fees.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the under 28 U.S.C. § 1391 because Defendants' business is located in this district.

**JURY DEMAND**

7. Plaintiff respectfully demands a trial by jury on all issues in this matter.

**THE PARTIES**

8. Plaintiff Stelios Mantalis is a natural person who, at all times relevant to this action, resided in Queens, New York.

9. Plaintiff was employed by Defendants, within the meaning of the FLSA and NYLL, from on or about October 4, 2021, through on or about November 28, 2022.

10. Defendant Paris Limousine Services, Corp. ("**Paris Limo**") is a corporation organized under the laws of the State of New York. Its principal place of business is located in Queens, New York.

11. Upon information and belief, Paris Limo employs individuals, including Plaintiff, to transport customers to various locations in and around New York City according to a schedule set and controlled by Paris Limo. Drivers operate cars owned and provided by Paris Limo.

12. Upon information and belief, Defendant Chaudry Ali ("**Chaudry**") is a natural person who, at all times relevant to this action, resided in the city and state of New York.

13. Chaudry was and is Paris Limo's president and co-owner.

14. Upon information and belief, Chaudry, at all times relevant to this action, managed and/or operated Paris Limo's operations. They controlled hiring and firing, set company policy, including salaries and payroll policies, and supervised employees, including Plaintiff.

15. Upon information and belief, Defendant Ranah Ali ("**Ranah**") is a natural person who, at all times relevant to this action, resided in the city and state of New York.

16. Ranah was and is Paris Limo's chief executive officer and co-owner.

17. Upon information and belief, Ranah, at all times relevant to this action, managed and/or operated Paris Limo's operations. They controlled hiring and firing, set company policy, including salaries and payroll policies, and supervised employees, including Plaintiff.

18. Upon information and belief, and at all times relevant to this action, Chaudry and Ranah (together, the "**Individual Defendants**") maintained operational control over Paris Limo, including by jointly managing Paris Limo, determining wages, establishing work schedules, maintaining employee records, and setting company policies.

19. At all times relevant to this action, Paris Limo was and still is an enterprise within the meaning of the FLSA and NYLL.

20. At all times relevant to this action, Paris Limo's employees, including Plaintiff, regularly transported customers within and between multiple states.

21. Upon information and belief, and at all times relevant to this action, Defendants employed at least 30 employees.

22. Upon information and belief, Defendants, at all times relevant to this action, generated annual gross revenue in excess of $500,000.

23. Defendants jointly employed Plaintiff, and all similarly situated employees, within the meaning of the FLSA and NYLL, and as such are jointly and severally liable for the conduct complained of herein.

**FACTUAL ALLEGATIONS**

24. Defendants employed Plaintiff as a car and limousine driver from on or about October 4, 2021, through on or about November 28, 2022.

25. Defendants provided Plaintiff with a company vehicle, where he performed all or nearly all of his work.

26. Every evening, Defendants would provide Plaintiff with a schedule of the next day's customers, with pick up and drop off times and locations. Plaintiff was expected to and did adhere to Defendants' schedule.

27. Plaintiff worked approximately 3,335.55 hours during the course of his employment by Defendants.

28. Defendants paid their drivers, including Plaintiff, at a rate of $12.50 per hour.

29. Drivers, including Plaintiff, were regularly required to work in excess of 40 hours in any given week. Plaintiff accrued approximately 1,286 overtime hours over the course of 22 weeks.

30. Defendants willfully and intentionally failed to pay Plaintiff any overtime.

31. Upon information and belief, Defendants maintained a policy of not paying their drivers, including Plaintiff, any overtime wages.

32. Drivers, including Plaintiff, were periodically required to work in excess of 10 hours per day. Plaintiff worked more than 10 hours on at least 5 separate days.

33. Defendants willfully and intentionally failed to pay Plaintiff any spread-of-hours pay.

34. Upon information and belief, Defendants maintained a policy of not pay their drivers, including Plaintiff, any spread-of-hours pay.

35. Plaintiff complained about his unpaid minimum wage, overtime, and spread-of-hours to the Individual Defendants.

**CLASS ACTION ALLEGATIONS**

36. Plaintiff asserts these allegations and claims on their own and on behalf of a class of persons including:

> All persons employed as drivers by Defendants at any time since October 4, 2021, and through the entry of judgment in this case. (the "**Class Members**").

37. The Class Members identified above are so numerous that joinder of all members is impracticable.

38. Information necessary to calculate the precise number of Class Members is presently within Defendants' sole control.

39. Upon information and belief, more than 30 Class Members exist.

40. The number and identity of the Class Members are determinable from Defendants' records.

41. Questions of law and fact common to the Class Members predominate over any questions solely affecting the individual Class Member, including, but not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the FLSA;

b. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

c. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members the mandatory minimum wage;

d. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members overtime pay for hours worked in excess of 40 hours per workweek;

e. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members an extra hour of minimum wage whenever their working shifts and/or split shifts exceeded 10 hours in any given day;

f. whether Defendants failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

42. Plaintiffs' claims are typical of the Class Members' claims.

43. Plaintiffs, like all Class Members, are or were Defendants' employees and worked pursuant to Defendants' corporate policies. Plaintiffs, like all Class Members, were paid less than the statutory minimum wage for all hours worked, were not paid overtime pay for hours worked over forty (40) hours in a given workweek, and were not paid spread-of-hours pay when working a shift and/or split shift of 10 or more hours;

44. Plaintiff and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

45. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the Defendants.

47. The individual members of the Class have no interest or capacity to bring separate actions. Plaintiff is unaware of any other litigation concerning the matters set forth in this Complaint. It is desirable to concentrate the litigation in one case. There are no likely difficulties that will arise in managing the class action.

48. If Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all Class Members.

**COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiff asserts these claims as a collective action on behalf of:

> all persons employed as drivers by Defendants at any time since October 4, 2021, and through the entry of judgment in this case. (the "**Collective Action Members**").

50. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a. whether Defendants employed the Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

c. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members the mandatory minimum wage;

d. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members overtime pay for hours worked in excess of 40 hours per workweek;

e. whether Defendants willfully failed and/or refused to pay Plaintiff and the Class Members an extra hour of minimum wage whenever their working shifts and/or split shifts exceeded 10 hours in any given day;

f. whether Defendants failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE UNDER THE NEW YORK LABOR LAW
(As To All Defendants)

51. Plaintiff repeats and reallege all the preceding paragraphs as if restated here.

52. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff within the meaning of the NYLL.

53. Defendants operated out of the city and state of New York.

54. Defendants were required to pay Plaintiff a minimum wage of not less than $15.00.

55. Defendants paid Plaintiff $12.50 per hour.

56. Defendants, individually and/or jointly, willfully chose to pay Plaintiff less than the required minimum wage.

57. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid wages, in an amount to be determined at trial but in no event less than $3,000, plus liquidated damages and reasonable attorneys' fees and costs.

### COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT
(As To All Defendants)

58. Plaintiff repeats and reallege all the preceding paragraphs as if restated here.

59. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff within the meaning of the FLSA.

60. Defendants regularly employed Plaintiff for work weeks longer than forty hours.

61. At all times relevant to this action, Defendants were required to pay Plaintiff overtime compensation at a rate of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours per week.

62. Defendants, individually and/or jointly, willfully failed to pay Plaintiff overtime pay for each hour worked in excess of forty hours per week.

63. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover unpaid overtime pay, in an amount to be determined at trial but in no event less than $8,000, plus liquidated damages and reasonable attorneys' fees and costs

**COUNT III**
**FAILURE TO PAY OVERTIME WAGES UNDER THE NEW YORK LABOR LAW**
(As To All Defendants)

64. Plaintiff repeats and reallege all the preceding paragraphs as if restated here in full.

65. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff within the meaning of the NYLL.

66. At all times relevant to this action, Defendants were required to pay Plaintiff overtime compensation at a rate of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours per week.

67. Defendants regularly employed Plaintiff for work weeks longer than forty hours.

68. Defendants, individually and/or jointly, willfully failed to pay Plaintiff overtime pay for each hour worked in excess of forty hours per week.

69. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime pay, in an amount to be determined at trial but in no event less than $8,000, plus liquidated damages and reasonable attorneys' fees and costs.

**COUNT IV**
**FAILURE TO PAY SPREAD OF HOURS UNDER THE NEW YORK LABOR LAW**
(AS TO ALL DEFENDANTS)

70. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

71. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff within the meaning of the NYLL.

72. Plaintiff regularly worked in excess of ten hours per day.

73. Defendants, individually and/or jointly, willfully failed to pay Plaintiff an additional hour of compensation for each day he worked more than ten hours.

74. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff hereby requests the following relief:

a) An award of regular and liquidated damages in an amount to be determined at trial, but in no event less than $22,000;

b) An award of costs Plaintiff have incurred in this action; and

c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 1, 2025

Zachary Naidich
Zachary C. Naidich
**NAIDICH LAW**
*Attorney for Plaintiff*
137 5th Avenue, 9th Fl.
New York, NY 10010
(646) 665-1060